IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| ROBERT BASSETT, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | A-11-CA-558  LY |
| | § | |
| MIDLAND MORTG. CO. AND MIDFIRST | § | |
| BANK OKLAHOMA CITY, OK, | § | |
| | § | |
| Defendants. | § | |

REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

TO:   THE HONORABLE LEE YEAKEL
      UNITED STATES DISTRICT JUDGE

Before the Court is Midland Mortgage Co.'s and Midfirst Bank's Motion to Dismiss Plaintiff's Notice of Petition and Petition for Pre-Litigation Discovery, filed August 9, 2011 (Clerk's Dkt. #2). The motion was referred by United States District Judge Lee Yeakel for a Report and Recommendation as to the merits pursuant to 28 U.S.C. § 636(b), Rule 72 of the Federal Rules of Civil Procedure, and Rule 1(d) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas. After reviewing the parties' pleadings, relevant case law, as well as the entire case file, the undersigned issues the following Report and Recommendation to the District Court.

I.  BACKGROUND

Plaintiff Robert Bassett ("Bassett") filed his original pleading entitled Plaintiff's Notice of Petition and Petition for Pre-Litigation Discovery in this Court on July 5, 2011. He named as defendants Midland Mortgage Co. and Midfirst Bank Oklahoma City, OK.

In his original pleading, Bassett states he is petitioning this Court for pre-litigation discovery as authorized by the Federal Rules of Civil Procedure. He asserts he "sued defendant for violations of the Truth in Lending Act, Real Estate Settlement Procedures Act, Fraud, et. al." (Notice of Pet. ¶ 2). Bassett further states he made claims against "the Defendant" for charging false fees, and "petitions for pre-litigation discovery asking Defendant to produce said invoices" reflecting the fees. (*Id*. ¶ 4). He additionally asserts he has made a "Qualified Written Request" for documentation, which the defendants have ignored. (*Id*. ¶¶ 6-7). In his conclusion Plaintiff "petitions this court for an order granting pre-litigation discovery in the form of invoices of claimed false fees, holdership/chain of title, and original security instruments, all in the interest of justice and judicial economy." (*Id* ¶ 9).

On August 9, 2011, Defendants Midland Mortgage Co. and Midfirst Bank filed a motion seeking dismissal of this action for failure to state a claim. Defendants contend they are not liable under the Truth in Lending Act ("TILA") or the Real Estate Settlement Practices Act ("RESPA") for two reasons. First, they maintain Plaintiff cannot recover because liability under those statutes is limited to the original creditor or an assignee where the violation is apparent on the face of the disclosure statement and Plaintiff has not asserted any impropriety on the disclosure statement. Second, Defendants contend any action against them is barred by the applicable statutes of limitation.

Plaintiff did not file a response to the motion. In an order dated August 25, 2011, the Court reviewed the allegations in Plaintiff's complaint. The Court then reviewed the requirements of the Federal Rules of Civil Procedure as to pleading generally, noting the standard demands more than unadorned accusations, "labels and conclusions," "a formulaic recitation of the elements of a cause

of action," or "naked assertion[s]" devoid of "further factual enhancement." *Bell Atlantic v. Twombly*, 550 U.S. 544, 555-57, 127 S. Ct. 1955, 1965-66 (2007). The Court further made clear that a complaint must contain sufficient factual matter to state a plausible claim for relief, not simply "a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, __ U.S. __, 129 S. Ct. 1937, 1949 (2009).

The Court further set forth the requirement that pleading fraud as a cause of action requires pleading "with particularity." FED. R. CIV. P. 9(a). Plaintiff was also admonished that "Rule 9(b) requires the complaint to set forth the who, what, when, where, and how of the events at issue." *Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 339 (5th Cir. 2008) (quoting *ABC Arbitrage Plaintiffs Group v. Tchuruk*, 291 F.3d 336, 350 (5th Cir. 2002)). The Court then applied these rules to Plaintiff's pleading in the case, and stated:

> although Plaintiff references TILA and RESPA, he does not provide any facts related to any loan or real estate transaction, or describe the involvement of either of the defendants in any such transaction. . . . Perhaps more significantly, although Plaintiff states he has sued the defendants for violations of TILA and RESPA, as well as for fraud, it is not clear he is intending to assert such claims in this action. The only relief Plaintiff requests in his pleading is pre-litigation discovery under Federal Rule of Civil Procedure 26, specifically the production of documents by the defendants. However, the portion of Rule 26 cited by Plaintiff does not permit discovery prior to litigation. Rather, it simply addresses the timing of discovery sought from parties once litigation has commenced. FED. R. CIV. P. 26(d).

ORDER, 8/25/11. In recognition of Plaintiff's pro se status, the Court afforded Plaintiff an opportunity to correct the deficiencies in his pleading. However, the Court cautioned Plaintiff that his pro se status did not exempt compliance with the obligations imposed by the applicable procedural rules. The Court also specifically warned Plaintiff that a district court has authority to dismiss a case for want of prosecution or failure to comply with a court order. FED. R. CIV. P. 41(b); *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998).

The Court thus ordered Bassett:

> to file an amended complaint **on or before September 23, 2011** setting forth the facts and legal claims he intends to assert against each named defendant, stating each action Defendants took which Plaintiff believes was unlawful, and identifying both the harm Defendants caused him as well as the relief he is seeking in this action, with sufficient specificity to comply with the mandates of Rules 8 and 9 of the Federal Rules of Civil Procedure and the admonitions of this order. **A failure to do so will result in this Court's recommending dismissal of Plaintiff's complaint for want of prosecution**.

ORDER, 8/25/11 (emphasis added). Nothing has been filed in response to this order.

## II. ANALYSIS

A district court has authority to dismiss a case for want of prosecution or failure to comply with a court order. FED. R. CIV. P. 41(b); *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998). This authority "flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Baldwin v. Gladstone Ins. Co.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 82 S. Ct. 1386 (1962)). Such a dismissal may be with or without prejudice. *Long v. Simmons*, 77 F.3d 878, 879-80 (5th Cir. 1996). A dismissal with prejudice is appropriate only if the failure to comply with the court order was the result of purposeful delay or contumacious conduct and the imposition of lesser sanctions would be futile. *Id.*; *Berry v. CINA/RSI-CINA*, 975 F.2d 1188, 1191 (5th Cir. 1992).

By order entered August 25, 2011, Plaintiff was ordered by the Court to file an amended complaint setting forth his claims and the underlying facts with sufficient specificity for this action to proceed. Plaintiff failed to do so. Plaintiff was warned that failure to comply with a court order would result in a recommendation that his case be dismissed. In light of his conduct, the Court concludes dismissal is clearly appropriate under the circumstances. *See* FED. R. CIV. P. 41(b)

(authorizing dismissal of case for failure of plaintiff to prosecute); *Dorsey v. Scott Weasel Serv.*, 84 F.3d 170, 171 (5th Cir. 1996) (Rule 41(b) authorizes district court to dismiss action for want of prosecution by plaintiff).

### III.  RECOMMENDATION

The undersigned **RECOMMENDS** that the District Court **DISMISS** this action without prejudice for failure to comply with a court order.  The undersigned **FURTHER RECOMMENDS** that the District Court **DISMISS** all other pending motions.

### IV.  OBJECTIONS

The parties may file objections to this Report and Recommendation.  A party filing objections must specifically identify those findings or recommendations to which objections are being made.  The District Court need not consider frivolous, conclusive, or general objections.  *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court.  *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-53, 106 S. Ct. 466, 472-74 (1985);  *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

To the extent that a party has not been served by the Clerk with this Report & Recommendation electronically, pursuant to the CM/ECF procedures of this District, the Clerk is

ORDERED to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 30th day of November, 2011.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE